# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RICHARD THOMAS,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0805** (BOR Appeal No. 2055181)
                              (Claim No. 2018023104)

**RAMACO RESOURCES, LLC,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Richard Thomas, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ramaco Resources, LLC, by Counsel Sean Harter, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 5% permanent partial disability award on May 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 26, 2020, Order. The Order was affirmed by the Board of Review on September 18, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Thomas, a loader and operator, injured his cervical spine when he fell off of a rock loader at work on February 16, 2018. A cervical x-ray performed that day showed minor degenerative disc disease at C6-7. A cervical MRI was performed on March 12, 2018, and showed multilevel degenerative changes and disc disease causing central canal and neural foraminal narrowing.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on April 13, 2018, in which he noted that Mr. Thomas worked until three weeks prior when he was taken off of work for physical therapy. Dr. Mukkamala diagnosed cervical sprain. He saw no neurological deficits and recommended that a request for a neurosurgical consultation be denied. Dr. Mukkamala stated that though Mr. Thomas had continued left upper extremity symptoms, the symptoms stem from the cervical spine. He found that there was no actual injury to the left shoulder or arm. Dr. Mukkamala recommended Mr. Thomas finish physical therapy. The claim was held compensable for cervical sprain on April 24, 2018.

On May 16, 2018, Dr. Mukkamala performed an Independent Medical Evaluation in which he opined that Mr. Thomas required no further treatment for his compensable cervical sprain, including a neurosurgical consultation. Mr. Thomas had reached maximum medical improvement. Dr. Mukkamala assessed 5% whole person impairment. Mr. Thomas was granted a 5% permanent partial disability award for the cervical spine on May 21, 2018.

On January 11, 2019, the Office of Judges reversed, in part, a May 30, 2018, decision of the claims administrator and authorized treatment rendered by Dr. Zahir on May 11, 2018. In Conclusion of Law Number 2, the Office of Judges held that Mr. Thomas had reached maximum medical improvement for the compensable cervical sprain. The Order was affirmed by the Board of Review on September 18, 2020. The claims administrator issued an Order on February 25, 2019, stating that the accepted diagnosis in the claim is cervical sprain. Cervical disc radiculopathy was rejected as a compensable condition. On April 12, 2019, the Office of Judges affirmed a claims administrator decision denying authorization of treatment rendered by Dr. Zahir. In Conclusion of Law Number 2, the Office of Judges held that Mr. Thomas had reached maximum medical improvement for the compensable cervical sprain. The Order was affirmed by the Board of Review on July 31, 2019.

Michael Kominsky, M.D., performed an Independent Medical Evaluation on April 24, 2019, in which he found that Mr. Thomas had reached maximum medical improvement. He diagnosed cervical, left shoulder, and left elbow sprains/strains. For the cervical spine, Dr. Kominsky found 8% impairment for range of motion loss. He placed Mr. Thomas in Cervical Category II from West Virginia Code of State Rules § 85-20-E. Dr. Kominsky then apportioned 2% for preexisting conditions. For the left shoulder, Dr. Kominsky found 9% upper extremity impairment for the left shoulder and 3% for the left elbow. These impairments combined and converted to 7% whole person impairment. His total impairment rating for the compensable injury was 13%. In its August 28, 2019, Order, the Office of Judges stated in Finding of Fact Number 2 that the claim had been held compensable for cervical sprain.

In a September 25, 2019, Independent Medical Evaluation, Syam Stoll, M.D., noted the compensable condition in the claim as cervical sprain, left shoulder sprain, and left elbow sprain. For the cervical spine, Dr. Stoll found 4% impairment from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and 14% impairment for loss of range of motion. Dr. Stoll then placed Mr. Thomas in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. He then apportioned 4% for preexisting conditions. For the left shoulder, Dr. Stoll assessed 4% whole person impairment and apportioned 7% for a noncompensable condition, leaving 2% to the compensable injury. He found 1% left elbow impairment. His total impairment rating for the compensable injury was 7%.

The Office of Judges affirmed the claims administrator's grant of a 5% permanent partial disability award in its February 26, 2020, Order. The Office of Judges began by noting some confusion in the case regarding the compensable conditions. Multiple Office of Judges Orders found that the only compensable condition was a cervical sprain. However, the Independent Medical Evaluation by both Drs. Stoll and Kominsky state that left shoulder and left elbow sprains are also compensable conditions. The Office of Judges found that absent a decision specifically holding the conditions compensable, left shoulder and left elbow sprains could not be considered for permanent partial disability. Regarding the cervical spine award, the Office of Judges determined that apportionment is proper given the evidence of preexisting degenerative changes. Both Drs. Kominsky and Stoll found 8% cervical spine impairment, but Dr. Kominsky apportioned 2% while Dr. Stoll apportioned 4%. The Office of Judges concluded that the evidence of record indicates Mr. Thomas has between 4% and 6% cervical spine impairment. It noted that the claims administrator's decision provided no explanation for its decision to grant a 5% award. The Office of Judges determined that the evidence suggests Mr. Thomas sustained less than 6% impairment, and therefore, the 5% award should be affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 18, 2020.

After review, we agree with the decision of the Board of Review. The claims administrator's decision is based upon Dr. Mukkamala's May 16, 2018, Independent Medical Evaluation in which he assessed 5% impairment for the compensable injury. A preponderance of the evidence indicates his report is reliable, and Mr. Thomas has failed to introduce sufficient

evidence to refute his assessment. The 5% permanent partial disability award was properly affirmed.

Affirmed.

**ISSUED: March 23, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4